JACOB D. BUNDICK, ESQ.
Nevada Bar No. 9772
bundickj@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002

CHRISTI A. LAWSON, ESQ.
clawson@foley.com
(*admitted pro hac vice*)
THOMAS S. CARGILL, ESQ.
tcargill@foley.com
(*admitted pro hac vice*)
FOLEY & LARDNER LLP
111 North Orange Ave., Suite 1800
Orlando, Florida 32801-2386
Telephone:  (407) 423-7656
Facsimile:  (407) 648-1743

*Counsel for Plaintiff*
*Proficio Mortgage Ventures, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| PROFICIO MORTGAGE VENTURES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE FEDERAL SAVINGS BANK,<br><br>Defendant. | Case No.  2:15-cv-00510-RFB-VCF<br><br>[~~PROPOSED~~] **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

Pursuant to Local Rule 16.1-4, the parties jointly submit this Proposed Stipulated Confidentiality and Protective Order, as follows:

WHEREAS, in connection with the above-captioned action (the "Lawsuit"), PROFICIO MORTGAGE VENTURES, LLC ("PMV") and THE FEDERAL SAVINGS BANK ("FSB") (each a "Party," and collectively the "Parties") have agreed to this Stipulated Confidentiality and Protective

1  Order (the "Order") setting forth the terms and conditions under which they will exchange
2  confidential or proprietary information and the terms and conditions of the use thereof;

3      WHEREAS, each Party possesses, controls, or has in its custody certain non-public personal
4  consumer information ("NPPI") that it considers to be confidential or highly confidential and that the
5  public disclosure of which may cause irreparable damage and/or violate consumer privacy laws; and

6      WHEREAS, as used in this Order, PMV and FSB includes their respective agents,
7  employees, officers, directors, controlling persons, consultants, advisors, accountants and legal
8  counsel (collectively, the "Representatives"), and PMV and FSB represent that all Representatives
9  who receive or generate confidential information will be advised of this Order and be bound by its
10 terms; and

11     WHEREAS, each Party will be responsible for any failure of its respective Representatives to
12 comply with the confidentiality terms hereof;

13     NOW, THEREFORE, in order to promote the efficient and expeditious disposition of the
14 Lawsuit, it is hereby stipulated and agreed by the Parties that the following terms shall apply to the
15 Parties' exchange of information in connection with the case:

16     **1.**    **Designation of Information.**

17     Any Party may designate any document, object, file, photograph, video, tangible thing,
18 interrogatory answers, answers to requests for admissions, testimony, or other material or copies
19 thereof (collectively, the "**Discovery Material**") as "**Confidential Information**" or
20 "**Confidential—Attorneys' Eyes Only**" following a good faith determination that the information
21 so designated is or may reveal NPPI, confidential, or proprietary matters. Confidential Material
22 designated as "**Confidential—Attorneys' Eyes Only**" shall be documents or other things that the
23 producing party believes in good faith to be non-public confidential or proprietary information
24 which lends to it a competitive advantage over those who do not possess such information and which
25 is so sensitive in its nature that it merits special protection as provided in this order. The Parties
26 agree that "**Confidential—Attorneys' Eyes Only**" designations shall only be used in very limited
27 circumstances. To designate documents, objects or tangible things, a Party shall place the legend
28 "**CONFIDENTIAL**" or "**CONFIDENTIAL—ATTORNEYS' EYES ONLY**" on each page of the

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1  document, or securely affix the legend to the object or tangible thing. To designate written responses
2  to interrogatories or admissions, a Party shall place the legend "**CONFIDENTIAL**" or
3  "**CONFIDENTIAL—ATTORNEYS' EYES ONLY**" on the face of the relevant portions of the
4  responses.

5  If any **Discovery Material** is disclosed in a form not appropriate for such placing or affixing
6  a legend, it shall be designated in writing by the producing Party as **CONFIDENTIAL or**
7  **CONFIDENTIAL—ATTORNEYS' EYES ONLY** at the time it is delivered to the receiving
8  Party. The receiving Party shall treat print-outs, derivative data or manipulations of such material in
9  accordance with any designations of **CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS'**
10 **EYES ONLY** as provided for herein.

11  2.  **Deposition Testimony.**

12  a.  A Party may designate all or any portion of a deposition, including exhibits identified
13  therein, conducted in connection with discovery as "**Confidential**" on the record of a deposition or
14  by sending, within fourteen (14) days after receiving a copy of the deposition transcript, a written
15  notice to all counsel and to the witness, setting forth the page and line numbers of the portions of the
16  transcript, as well as any exhibits thereto, to be so designated.  All Parties shall label the relevant
17  pages of all such designated transcripts in their possession with the appropriate legend.  Until such
18  time period expires, the entire volume of the transcript and all Exhibits, not previously designated
19  with a legend, shall be treated as **Confidential-Attorneys' Eyes Only**, unless otherwise specified.

20  b.  The producing Party who discloses **Confidential Information or Confidential—**
21  **Attorneys' Eyes Only** shall have the right, but is not required, to exclude from attendance at the
22  deposition during such time as the **Confidential or Confidential—Attorneys' Eyes Only**
23  **Information** is to be disclosed, any person other than the deponent and those who are set forth in
24  this Order and who are allowed to have access to such **Confidential or Confidential—Attorneys'**
25  **Eyes Only Information** by the terms of this Order. A Party does not waive any rights under this
26  Order regarding confidentiality if it or he does not exercise its or his rights to exclude persons from
27  attendance at any or all of the deposition.
28  ///

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

3. **Disclosure of Protected Information.**

a. Unless otherwise agreed upon in writing, **Confidential—Attorneys' Eyes Only Information** may only be disclosed as provided in this paragraph 3(a). **Confidential—Attorneys' Eyes Only Information** may only be disclosed to:

i. the Parties' attorneys, paralegals and staff of the Parties' attorneys and of the respective law firms of the attorneys who are engaged by each Party in connection with the Lawsuit;

ii. in-house counsel of the Parties;

iii. the Court, its personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, and professional court reporters engaged to transcribe testimony;

iv. court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Attorneys Eyes Only Information is disclosed;

v. third party experts or independent consultants, who are retained by a Party or counsel for a Party to assist in this action, provided that each is provided with a copy of this Order and that such expert or consultant executes **Exhibit A** to this Order, agreeing to be bound by this Order; and

vi. persons, whether affiliated with a Party or not, including former employees and individual counsel of said witness, who have been noticed or subpoenaed for depositions or subpoenaed for trial testimony.

b. **Confidential Information** shall not be disclosed to anyone other than the attorneys of record in this action, and to the following other persons, but then only for purposes of prosecuting or defending this action and only to the extent reasonably necessary to accomplish such purposes:

i. the Court, its personnel, any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, and professional court reporters engaged to transcribe testimony;

ii. those attorneys, paralegals and staff of the Parties' attorneys and of the respective law firms of the attorneys who are engaged by each Party in connection with the Lawsuit;

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

   iii. court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed;

   iv. clerical and data processing personnel involved in the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving, review, and translating of Confidential Information, to the extent reasonably necessary to assist the Parties or their Representatives in connection with the Lawsuit;

   v. in-house counsel for the Parties and those members of their staffs who are engaged in the conduct of this matter;

   vi. third party experts or independent consultants, who are retained by a Party or counsel for a Party to assist in this action, provided that each is provided with a copy of this Order and that such expert or consultant executes **Exhibit A** to this Order, agreeing to be bound by this Order;

   vii. the Parties, and such officers, directors, and employees of the Parties as outside counsel for the Parties deem necessary to assist in connection with the Lawsuit;

   viii. Party-affiliated persons who have been noticed for depositions or trial testimony;

   ix. non-party persons, including former employees and individual counsel of said witness, who have been noticed or subpoenaed for depositions or subpoenaed for trial testimony;

   x. any person reflected as an author, addressee, or recipient of the Confidential Information being disclosed or any person to whom counsel for a Party in good faith believes likely received the Confidential Information in the ordinary course of business;

   xi. any other person designated by the Court, upon such terms as the Court may deem proper;

   xii. the defendants' insurers and reinsurers, as required in the ordinary course of business, provided that each is provided with a copy of this Order and the insurers and reinsurers

1  execute **Exhibit A** to this Order, agreeing to be bound by this Order, before the Confidential
2  Information is disclosed to it; and

3     xiii. any other person as all Parties may agree to in writing.

4   4. **Signature of Order and Consent to Stipulated Confidentiality and Protective**
5    **Order**.

6  Any individual described in paragraph 3(a)(v) and 3(b)(vi) must sign an affidavit in the form
7  attached hereto as **Exhibit A** prior to receiving any information designated as "**Confidential**" or
8  "**Confidential—Attorneys' Eyes Only Information**" (hereinafter collectively referred to as
9  **"Protected Information"**) by a Party other than the Party which has retained the expert or
10 consultant. Counsel of record for the Party that has retained the expert or consultant shall maintain
11 the original of each affidavit signed pursuant to this paragraph, and, with respect to any individual
12 that will be testifying as an expert witness, forward a copy of the affidavit to all other counsel of
13 record within ten (10) days after the individual is identified as a testifying expert witness. The parties
14 agree that they will not disclose **Protected Information** to non-party witnesses or consulting experts
15 if the facts available present a good faith basis to believe that the non-party witness or consulting
16 expert would not abide by this Order, or would have a material conflict, or that the disclosure would
17 otherwise cause irreparable injury.  Any Party seeking to prevent the disclosure of **Protected**
18 **Information** to a non-party witness or consulting expert pursuant to the terms of this paragraph
19 bears the burden of proof to demonstrate a material conflict exists, and after a meet and confer on the
20 issue must, within six days after the meet and confer, file a motion with the Court in that regard. No
21 **Protected Information** shall be disclosed to the non-party witness or consulting expert until the
22 Court resolves such a motion.

23  5. **Pleadings and Other Court Filings**.

24 The parties acknowledge that this Stipulated Protective Order does not entitle them to file
25 **Protected Information** under seal; Local Rule 10-5 sets forth the procedures that must be followed
26 and standards that will be applied when a party seeks permission from the court to file material
27 under seal.  The Parties shall make good faith efforts not to refer to or describe **Protected**
28

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

**Information** with specificity in motions or other pleadings filed with this Court. Any **Protected Information** filed as an exhibit or attachment to a motion or other pleading shall be filed under seal, if the Court agrees after proper motion.  The parties agree not to oppose such motions, if the document is properly marked as Protected Information. If a motion or pleading filed with the Court discloses **Protected Information**, such designated portions shall be redacted to the extent necessary to conceal such information in any motion or pleading filed publicly with the Court, unless otherwise ordered by the Court. Unredacted motions or pleadings containing **Protected Information** shall be filed under seal, if the Court agrees after proper motion. The parties agree not to oppose such motions, if the document is properly marked as Protected Information. When a Party, in good faith, determines that it is necessary to bring the specific content of such **Protected Information** to the attention of this Court in the body of a motion or other pleading, then it shall file a motion seeking to disclose the **Protected Information** to the Court in camera or by such other means as the Court may deem appropriate. Such motion may disclose the general nature, but shall not disclose the substance, of the **Protected Information** at issue.

6. **Hearings and Trial.**

If a Party wishes to use **Protected Information** at a hearing before this Court or at trial, it shall notify the Court and each of the other Parties to this action of that fact at the time the hearing or trial commences (if feasible), and this Court may then take whatever steps it may deem necessary to preserve the confidentiality of said information during the course of and after the hearing or trial.

7. **Disputed Designations.**

Any Party may object to a "**Confidential**" or "**Confidential—Attorneys' Eyes Only Information**" designation by serving a written notice of objection on all Parties and any designating third party, specifying with reasonable particularity the material to which objection to the disputed designation is made. If the parties cannot resolve a challenge without court intervention, the designating party may file a motion for determination by the Court concerning the validity of its objection.

///

///

1    8. **Subsequent Designations.**

2    Nothing in this Order shall prohibit a producing Party from designating, or otherwise waive a producing Party's right to designate, in accordance with this Order, any document, object, tangible thing, interrogatory answer, answer to requests for admissions, or deposition testimony as "Confidential" or "Confidential—Attorneys' Eyes Only Information" subsequent to its first disclosure or production.

9. **Dissimilar Designations.**

In the event that a Party inadvertently produces two or more identical copies of any **Discovery Material** with dissimilar designations, once such a discrepancy is discovered, all copies of the **Discovery Material** shall be treated in accordance with the most restrictive confidentiality designation used for such material.

10. **Inadvertent Production.**

Nothing in this Order shall require disclosure of any information that a Party contends is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other legally recognized privilege or immunity. The inadvertent production of any Discovery Material that includes any such privileged information during discovery in this matter shall be without prejudice to any later claim that such material is privileged under the attorney-client privilege, work-product doctrine or any other legally recognized privilege or immunity, and no Party shall be held to have waived any rights by such inadvertent production. Upon written request by the producing Party, the receiving Party shall (a) return the original and all copies of such **Discovery Material** containing privileged information, (b) shall destroy the original and all copies of such **Discovery Material** if they cannot be returned; and (c) shall not use such privileged information for any purpose unless allowed by order of the Court.

11. **Disclosure in Other Proceedings.**

If any Party is served with a subpoena or other process or discovery request, or is required to fulfill a disclosure obligation, that would require the production or disclosure, for some purpose other than this action, of any **Protected Information** received by that Party in this action, the receiving Party shall notify the designating Party as soon as practicable of the subpoena, process or

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1 discovery request, or disclosure obligation, and if the designating Party so requests, shall take
2 reasonable steps to permit the designating Party to oppose the subpoena, process, discovery request
3 or disclosure obligation.

4     12. **Termination of Litigation.**

5     This action will be deemed to have terminated when all of the claims asserted by or against
6 the Parties herein have been settled and compromised, or have been finally disposed of by judicial
7 action, and all possible appeals have been exhausted or the time for filing any further appeals has
8 passed. After the termination of this action, within thirty (30) days of a written request by the
9 producing Party, each Party shall either return all **Protected Information** to the Party that produced
10 said information, or shall destroy same in a manner agreeable to the Party that produced said
11 information and send a written confirmation to the Party that produced the information confirming
12 that the required destruction has taken place.

13     13. **Modification of this Order.**

14     This Order may be modified by this Court at any time for good cause shown, or pursuant to a
15 written Order by all persons and entities affected by the modification. The entry of this Order shall
16 be without prejudice to the rights of any Party to apply for modification of this Order for additional
17 or different protection where such protection is deemed necessary.

18     14. **Continuing Force and Effect of this Order.**

19     The provisions of this Order shall remain in full force and effect, and shall be binding after
20 the termination of this action. The Court hereby specifically retains jurisdiction to enforce this Order
21 after this action has been terminated.

22     15. **Application to Non-Parties.**

23     The Parties further agree that the provisions of this Order may be applied to documents
24 produced or deposition testimony given by a non-party where (1) such non-party has requested that
25 documents produced or deposition testimony given by such non-party be treated as "**Confidential;**"
26 (2) the Parties expressly agree that such documents or deposition testimony shall be governed in
27 accordance with the terms of this Order; and (3) the non-party agrees in writing to abide by the terms
28 of this Order and that the non-party's documents or deposition testimony shall be governed by all

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

1  protections and procedures of this Order, including, but not limited to, the hearing procedures for
2  challenging designations hereunder. In furtherance of this provision, the Parties agree that a copy of
3  this Order may be delivered to the non-party, directly or through counsel, to facilitate the terms
4  hereof.

5        16. **Unauthorized Disclosure of Confidential Information.**

6        If a Party learns that, by inadvertence or otherwise, it has disclosed **Protected Information**
7  to any person or in any circumstance not authorized under this Stipulated Protective Order, the
8  Receiving Party must immediately (a) notify in writing the Designated Party of the unauthorized
9  disclosures; (b) use its best efforts to retrieve all unauthorized copies of the **Protected Information**;
10 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this
11 Order; and (d) request such person or persons to execute the "Order and Consent" that is attached
12 hereto as **Exhibit A.**

13       IT IS SO STIPULATED this 30th day of June, 2015.

By: ___*/s/ Thomas S. Cargill*___
Jacob D. Bundick, ESQ.
Nevada Bar No. 9772
bundickj@gtlaw.com
GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway
Suite 400 North
Las Vegas, Nevada 89169
Telephone:  (702) 792-3773
Facsimile:  (702) 792-9002

Christi A. Lawson, ESQ.
clawson@foley.com
(*admitted pro hac vice*)
Thomas S. Cargill, Esq.
tcargill@foley.com
(*admitted pro hac vice*)
FOLEY & LARDNER LLP
111 North Orange Ave., Suite 1800
Orlando, Florida 32801-2386
Telephone:  (407) 423-7656
Facsimile:  (407) 648-1743

*Counsel for Plaintiff
Proficio Mortgage Ventures, LLC*

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002

GOZDECKI, DEL GIUDICE, AMERICUS,
   FARKAS & BROCATO LLP


By:   */s/ Steven H. Leech*
David S. Americus *(admitted pro hac vice)*
Steven H. Leech *(admitted pro hac vice)*
GOZDECKI, DEL GIUDICE, AMERICUS,
   FARKAS & BROCATO LLP
One East Wacker Drive, Suite 1700
Chicago, IL  60601
Telephone:  312.782.5010
Facsimile:   312.782.4324
E-mail:  d.americus@gozdel.com
s.leech@gozdel.com

Jeff Silvestri (#5779)
Joseph P. Schrage (#11270)
McDONALD CARANO WILSON LLP
2300 W. Sahara Avenue, Suite 1200
Las Vegas, NV  89102
Telephone:  702.873.4100
Facsimile:   702.874.9966
E-mail:  jsilvestri@mcdonaldcarano.com
jschrage@mcdonaldcarano.com


*Counsel for Defendant Federal Savings Bank*




**IT IS SO ORDERED:**

_____
UNITED STATES MAGISTRATE JUDGE

DATED:   July 1, 2015

# EXHIBIT A

## AGREEMENT AND CONSENT

## TO STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

I, _____, declare that:

1. I have received a copy of the Stipulated Confidentiality and Protective Order in this matter ("the Order"), and I have carefully read and understand its provisions. I acknowledge that I am one of the persons contemplated in the Order as permitted access to information and Discovery Material designated "Confidential" or "Confidential—Attorneys' Eyes Only Information."

2. I understand that by signing this affidavit, I will be eligible to receive certain "Confidential Information" or "Confidential—Attorneys' Eyes Only Information" under the terms and conditions of the Order.

3. I hereby agree and consent to be bound by the terms of the Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit myself to the personal jurisdiction of the District of Nevada, so that the Court shall have the power and authority to enforce the Order and this Agreement and to impose appropriate sanctions upon me for violating the Order, including punishment for contempt of court for a violation of the Order.

4. I declare under penalty of perjury that the foregoing is true and correct.

Dated this _____ day of _____, 2015.

_____
Signature

_____
Printed name

_____
Address

GREENBERG TRAURIG, LLP
3773 Howard Hughes Parkway, Suite 400 North
Las Vegas, Nevada 89169
Telephone: (702) 792-3773
Facsimile: (702) 792-9002