# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

PROFICIO MORTGAGE VENTURES, LLC,

    Plaintiff,

vs.

THE FEDERAL SAVINGS BANK,

    Defendant.

Case No. 2:15–cv–510–RFB–VCF

**ORDER**

MOTION FOR PROTECTIVE ORDER OR, IN THE ALTERNATIVE, MOTION TO QUASH (DOC. #38); MOTION TO QUASH SUBPOENAS (DOC. #39)

    This matter involves Plaintiff Proficio Mortgage Ventures, LLC's civil action against Defendant The Federal Savings Bank (hereafter "TFSB"). Before the court are Proficio's motion for protective order or, in the alternative, motion to quash (Doc. #38), TFSB's response (Doc. #42), and Proficio's reply (Doc. #45). Also before the court are non-party North American Marketing, Inc.'s motion to quash (Doc. #39), TFSB's response (Doc. #43), and North American's reply (Doc. #46). The court held a hearing at 3:00 p.m. on April 13, 2016. For the reasons stated below, Proficio's motion (Doc. #38) is granted in part and denied in part. North American's motion (Doc. #39) is also granted in part and denied in part.

## I. Background

    In March 2015, Plaintiff Proficio Mortgage Venture, LLC sued Defendant TFSB for alleged misappropriation of Proficio's proprietary customer information. (Doc. #1). Proficio alleged that former Proficio employees Frank Naranjo, Russell Riddle, Shawn O'Brien, Eddie Gomez, and Dian Stevens (hereafter collectively "the former Proficio employees") took Proficio's proprietary information with them when the group left Proficio and began working for TFSB. (*Id.*). Proficio alleges that TFSB knowingly used Proficio's proprietary information for TFSB's benefit. (*Id.*). TFSB contends that the

information Proficio claims is Proficio's proprietary information is either (1) not proprietary or (2) belongs to an individual or entity other than Proficio. (Doc. #43).

As part of discovery, TFSB subpoenaed documents from non-parties Evofi One Mortgage[1], First National Bank of Layton, Resolute Bank, and North American Marketing, Inc. (Doc. #39). TFSB alleges that North American developed and owns Proficio's allegedly proprietary information. (Doc. #42). TFSB also claims that North American may have provided Evofi, First National, and Resolute Bank with Proficio's allegedly proprietary information. (*Id.*).

Proficio now moves to quash the subpoenas served on First National and Resolute Bank. (Doc. #38). In the alternative, Proficio asks the court to enter a protective order. (*Id.*). Non-party North American also moves to quash the subpoena served on First National and Resolute Bank as well as the subpoena served on North American. (Doc. #39).

## II. Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefits." FED. R. CIV. P. 26(b)(1).

"A party or any other person from whom discovery is sought may move for a protective order in the court where the action is pending." FED. R. CIV. P. 26(c)(1). "The court may, for good cause, issue

---

[1] At the hearing, TFSB stated that its process server was unable to serve Evofi and that TFSB believes Evofi is no longer in business. As Evofi was never served with TFSB's subpoena, Proficio and North American's requests, as to TFSB's unserved Evofi subpoena, are denied as moot.

an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1).

"On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A).

"[A] party lacks standing under Fed. R. Civ. P. 45[(d)(3)(A)] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, Case No. 2:04-cv-1199-DAE-GWF, 2007 WL 119148 at* 4 (D. Nev. Jan. 9, 2007); *but see In re Rhodes Companies, LLC*, 475 B.R. 733, 740 (D. Nev. Apr. 30, 2012) (declining to adopt the 'personal right or privilege" standing rule for motion to quash subpoenas). "A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party are not grounds on which a party has standing to move to quash a subpoenas issued to a non-party, especially where the non-party, itself, has not objected." G.*K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at* 4.

"A party can, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issues to non-parties which seek irrelevant information." *Id.*

### III. Discussion

The parties present four issues: (1) whether Proficio has standing to quash the subpoenas issued on non-parties, (2) whether Proficio should be granted protective order as to information sought by

3

subpoenas issued on non-parties, (3) whether non-party North American has standing to quash subpoenas issued on other non-parties, and (4) whether non-party North American may quash the subpoena that was issued to it.

1. <u>Proficio Lacks Standing to Quash Subpoenas Issued to Non-Parties</u>

Proficio asserts no personal right or privilege to the documents responsive to the subpoenas issued on the non-parties. Proficio objects to the subpoenas issued on three non-parties on the grounds that: (1) the subpoenas seek responsive documents that are not relevant to any party's claim or defense, (2) the subpoenas are overbroad, and (3) the production of responsive documents creates an undue burden on the non-parties. The court has held that objections based on relevance and undue burden on the non-parties do not constitute a party's personal right or privilege. *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at* 4. Proficio presents no facts that would cause the court to depart from its prior decision. Similarly, Procifico's overbreadth objection does not constitute a personal right or privilege in the responsive documents. Only non-party, North American, has moved to quash the subpoenas issued to it. Proficio may not assert a generic overbreadth objection on First National and Resolute Bank's behalf given that neither of the aforementioned non-parties has brought its own overbreadth objections.

2. <u>A Protective Order Will be Entered as to Non-Parties First National and Resolute Bank that Limits Their Duty to Respond to the Subpoenas Issued to Them</u>

Proficio is granted a protective order that limits non-parties First National and Resolute Bank duty to produce documents responsive to TFSB's document requests. TFSB contends that the information Proficio claims is its proprietary information, is either not proprietary or belongs to an individual or entity other than Proficio. The subpoenas issued to First National and Resolute Bank are accompanied by over thirty separate document requests. TFSB's subpoenas request information about the non-parties access, or lack of access, to Proficio's allegedly proprietary information as well as

information about the non-parties internal governance, employment relationships with former Proficio employees, and other business dealings. Many of TFSB's document requests seek irrelevant information or are duplicative of other document requests. After reviewing TFSB's document requests, the subpoenaed non-parties are protected as follows:

    a.    First National is only required to respond to Document Requests: 2, 3, and 32.

    b.    Resolute Bank is only required to respond to Document Requests: 2, 3, and 34.

First National and Resolute Bank is required to produce requested documents, if the requested documents were created between 2010 to 2014, the approximate time period when the former Proficio employees worked for North American.

3.    <u>North American Lacks Standing to Quash Subpoenas Issued to Other Non-Parties</u>

"[A] party lacks standing under Fed. R. Civ. P. 45[(d)(3)(A)] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at* 4. If a party lacks standing to challenge a subpoena issued to a non-party, then a non-party may not challenge subpoenas issued to other non-parties. *See id.* Although North American lacks standing to quash the subpoenas issued to First National and Resolute Bank, North American may seek a protective order. FED. R. CIV. P. 26(c)(1) (a "party or any other person from whom discovery is sought may move for a protective order"). Here, North American is granted a protective order in order to protect its confidential research, development, and commercial information from public disclosure. On or before May 16th, 2016, North American will prepare, and serve on TFSB, a description of the information is claims as proprietary. TFSB is prohibited from disclosing to the public any information North American designates as proprietary.

/// /// ///

/// /// ///

4.     TFSB's Subpoena to North America is Modified

"It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, Case No. 2:10-cv-1385-JCM-PAL, 2011 WL 4573349 at* 5 (D. Nev. Sept. 29, 2011). Here, the subpoena issued to North American is modified to encompass only responsive documents that relate to Proficio's allegedly proprietary information. TFSB alleges that the information that Profocio claims is proprietary is, in fact, not proprietary. TFSB seeks information regarding whether North American shared the allegedly proprietary information with entities other than Proficio.

As part of discovery, TFSB subpoenaed North American and made sixty-two document requests. At the hearing, North American stated that it is willing to respond to document requests 2, 4, 6, 15, 16, 19, 22, 27, 53, and 61. Pursuant to North American's representations at the hearing, the company is ordered to provide documents requested in the aforementioned document requests. After reviewing TFSB's documents requests, North American is also ordered to provide document requested in document requests 11 and 12. Both requests seek documents relevant to TFSB's defense that Proficio's allegedly proprietary information was never constituted a trade secret.

North American is required to produce requested documents, if the requested documents were created between 2010 to 2014, the approximate time period when the former Proficio employees worked for North American. North American is not required to respond to TFSB's remaining document requests as the remaining document requests either (1) request irrelevant information, (2) are duplicative of the document requests that do seek relevant information, or (3) request information that may be more easily obtained through discovery requests to Proficio.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that Proficio's motion for a protective order (Doc. #38) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that First National, Resolute Bank, and North American's obligations to produce documents requested by TFSB's subpoenas are limited to documents created between 2010 and 2014.

IT IS FURTHER ORDERED that on or before April 21, 2016, TFSB serve a copy of this order on First National and Resolute Bank.

IT IS FURTHER ORDERED that First National and Resolute Bank are PROTECTED as follows:

   a. First National is only required to respond to Document Requests: 2, 3, and 32.

   b. Resolute Bank is only required to respond to Document Requests: 2, 3, and 34.

   c. Responses by First National and Resolute Bank are due thirty (30) days after service of this order.

IT IS FURTHER ORDERED that Proficio's request for a protective order as the TFSB's unserved Evofi subpoena is DENIED as moot.

IT IS FURTHER ORDERED that North American's motion to quash (Doc. #39) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that, on or before May 16th, 2016, North American produce documents response to document requests: 2, 4, 6, 11, 12, 15, 16, 19, 22, 27, 53, and 61. North American's obligations to produce documents requested by TFSB's subpoenas is limited to documents created between 2010 and 2014.

IT IS FURTHER ORDERED that on or before May 16th, 2016, North American will serve on TFSB a description of the information it claims is confidential.  TFSB is prohibited from disclosing to

7

the public any information North American designates as confidential in accordance with the existing protective order (Doc. #25).

IT IS FURTHER ORDERED that North American's request to quash the subpoenas served on First National and Resolute Bank is DENIED for lack of standing.

IT IS FURHTER ORDERED that North American's request to quash TFSB's unserved Evofi subpoena is DENIED as moot.

IT IS SO ORDERED.

DATED this 14th day of April, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE