UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PROFICIO MORTGAGE VENTURES, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE FEDERAL SAVINGS BANK,<br>Defendant. | Case No. 2:15-cv-00510-RFB-VCF<br><br>**ORDER ON SECOND MOTION FOR LEAVE TO AMEND (ECF NO. 133)** |

Before the Court comes Plaintiff Proficio Mortgage Ventures, LLC ("Plaintiff")'s Second Motion for Leave to Amend/Correct Complaint. (ECF No. 133). For the reasons discussed below, the motion is DENIED.

**I.  BACKGROUND**

Plaintiff filed its Complaint against Defendant The Federal Savings Bank ("Defendant") on March 20, 2015. (ECF No. 1). An Amended Complaint was filed on March 17, 2016. (ECF No. 51). In the Complaint, Plaintiff alleges the following claims: 1) misappropriation of trade secrets pursuant to Nevada Revised Statute ("NRS") § 600A.010 et seq.; 2) unfair trade practices pursuant to NRS § 603.040; 3) infringement of trade secrets pursuant to NRS § 603.050; 4) intentional interference with prospective economic advantage; 5) and unjust enrichment. Plaintiff seeks both monetary and injunctive relief.

On July 11, 2016, Plaintiff filed a Second Motion for Leave to Amend/Correct the Amended Complaint, seeking leave to add allege punitive damages for Counts 1, 2, 3 and 4. (ECF No. 67). Magistrate Judge Cam Ferenbach heard argument on the motion on August 16, 2016, and

denied the motion. (ECF No. 78). Plaintiff filed a Motion to Reconsider the Magistrate Judge's ruling on October 30, 2016. (ECF No. 79). On August 11, 2017, the Court held a hearing on the motion to reconsider, as well as the parties' partial motions for summary judgment. (ECF No. 111). The Court denied the motion to reconsider on the record. Following the hearing, the Court consolidated a related matter into the case, and reopened discovery on the issues pertaining to the consolidated case.[1] A Scheduling Order was entered by the Magistrate Judge in relation to the consolidated case on August 24, 2017, giving the signing parties until October 26, 2017 to amend the pleadings. (ECF No. 117). Plaintiff filed the instant motion on September 26, 2017. (ECF No. 133).[2] Defendant filed a Response on October 5, 2017. (ECF No. 136). On October 12, 2017, Plaintiff filed a Reply. (ECF No. 137).

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) instructs that courts should "freely" grant a party leave to amend "when justice so requires." However, once a scheduling order has been entered pursuant to Federal Rule of Civil Procedure Rule 16, the district court is to first apply the standards of Rule 16 rather than those of Rule 15. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) ("[T]he district court correctly found that it should address the issue under [Rule] 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired . . . ."). The "good cause" standard of Rule 16 "primarily considers the diligence of the party seeking the amendment," and a party's "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." In re W. States Wholesale Nat. Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013) (quoting Johnson, 975 F.2d at 609).

---

[1] The Court entered an Order granting the Consolidated Plaintiff's Stipulation to Dismiss on January 11, 2018. (ECF No. 145).

[2] Plaintiff also made an additional request for leave to plead punitive damages in a motion asking the Court to correct a clerical order on the minutes to the August 11, 2017 hearing. (ECF No. 129).

### III. DISCUSSION

Plaintiff argues that leave to amend the Complaint should be granted because the facts and circumstances noted in the prior motion for leave to amend have changed, given the Court's re-opening of discovery in light of the consolidated case. As the Scheduling Order was modified to extend discovery, Plaintiff contends that a diligence inquiry is not warranted. Plaintiff also argues that Defendant faces no prejudice from amendment, as the extended discovery period allowed Defendant to address any issues with respect to punitive damages. Plaintiff additionally re-asserts arguments made in previous motions, including that the conduct discovered during litigation merits an award of punitive damages. In response, Defendant argues that the deadline for amending the pleadings was September 18, 2015, and that Plaintiff nonetheless was given leave to file its First Amended Complaint on March 17, 2016, in which Plaintiff did not plead punitive damages. Defendant contends that there is no good cause for Plaintiff's delay in seeking to assert punitive damages.

The Court finds that Plaintiff fails to satisfy the good cause standard of Rule 16, for the same reasons as articulated on the record during the August 11, 2017 hearing. The Court affirmed the Magistrate Judge's denial of Plaintiff's prior motion for leave to amend, finding that no clear error was committed. The operative Amended Complaint does not provide sufficient notice to Defendant that Plaintiff seeks punitive damages, and Plaintiff's acknowledgment in the instant motion that "a demand of punitive damages is dependent upon the existing facts and theories in the case" demonstrates that Plaintiff failed to act with diligence in amending the Complaint to plead punitive damages before the deadline for amendment passed. The Court does not find that the "facts and circumstances" have changed between the earlier request for leave to plead punitive damages and the filing of the instant motion, such that Plaintiff is now entitled to relief. Therefore, the motion for leave to amend is denied.

. . .

. . .

. . .

. . .

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Second Motion for Leave to Amend to Plead Punitive Damages (ECF No. 133) is DENIED.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss Count II of North American Marketing, Inc.'s First Amended Complaint (ECF No. 127) is DENIED AS MOOT.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend / Correct [111] Order (ECF No. 129) is DENIED AS MOOT.

DATED: May 9, 2018

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT COURT**